UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| STEVEN JAMES TODD and<br>WILLIAM SCOTT LOBERTINI,<br><br>  Plaintiffs,<br><br>v.<br><br>CPT. ERIC JONES, LT. MALLORY<br>CAMPBELL, and SGT. KATIE WILSON,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:18-CV-00208-JRG-CRW |

## **MEMORANDUM OPINION**

This is a pro se prisoners' complaint under 42 U.S.C. § 1983. On February 13, 2020, the Court entered an order providing that each Plaintiff would have fourteen days from the date of entry of the order to show cause as to why this matter should not be dismissed for failure to prosecute [Doc. 26]. The Court also warned Plaintiffs that if failure to timely comply with that order would result in the dismissal of this action [*Id.* at 2]. More than fourteen days have passed, and neither Plaintiff has complied with this order.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiffs' failure to respond to or comply with the Court's previous order is due to Plaintiffs' willfulness and/or fault. Specifically, Plaintiffs failed to update their addresses and/or monitor this action as this Court's Local Rule 83.13 requires. As such, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiffs' failure to comply with the Court's order has prejudiced Defendants, who have expended time and resources answering the complaint and filing a motion for summary judgment in this cause [*See* Docs. 17 and 23]. Therefore, this factor weighs in favor of dismissal.

As to the third factor, the Court warned Plaintiffs that the Court would dismiss this case as to any Plaintiff unresponsive to the Court's order [Doc. 26 at 2].

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiffs were prisoners proceeding proceed *in forma pauperis* [Docs. 4 and 7] and neither has pursued this case since filing a motion with the Court in June 2019 [Doc. 9].

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b).

In light of this determination, Defendants' motion for summary judgment [Doc. 23] is **DENIED** as moot. Further, the Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
